Kane, J.
By this appeal we are asked to determine if a judge hearing a speeding citation based on radar must require a threshold showing that the radar machine was a reliable devise for measuring speed. Otherwise stated, must a judge in the absence of any formal or informal objection to the radar result, require a preliminary demonstration of the machine’s reliability. We review this question in the context of the facts presented by this case.
This case concerns a motor vehicle citation for speeding. At the hearing the citing officer without any objection testified that moving radar established that the defendant was traveling in excess of 70 m.p.h. At the close of the officer’s case the defendant moved for dismissal on the ground of an insufficient showing of the radar machine’s reliability. This motion was denied and that denial is the subject of this appeaL
If the defendant during the officer’s presentation had brought the judge’s attention to concerns over the radar machine’s accuracy the judge would have been required under Commonwealth v. Whynaught, 377 Mass. 14 (1979), to offer the officer an opportunity to make a showing of the machine’s reliability. By failing to do so, the defendant lost any right to a preliminary showing of reliability that the making of *119 objection would have entitled him to under the authority of Whynaught. See Commonwealth v. Whynaught, 377 Mass. 14, 20-21 (1979) (“radar readings... admitted over objection”). This requirement of an objection is moreover consistent with the general rule thatamatternotobjected to is beyond thereachofalaterobjection. See City Council of Boston, et al. v. Mayor of Boston, 383 Mass. 716 (1980).
There being no error, the adjudication is affirmed. The payment of all assessments is suspended for thirty (30) days from the date the clerk gives notice of this opinion to the parties.